Nancy JONES and Kelley Winston, Plaintiffs–Appellants,

v.

CITY AND COUNTY OF DENVER, Defendant–Appellee.

No. 91CA0635.

Colorado Court of Appeals, Div. V.

May 21, 1992.

Rehearing Denied June 18, 1992.

The Connell Law Firm, John M. Connell, Michelle R. Magruder, David R. Little, Denver, for plaintiff-appellant Nancy Jones.

Clifford L. Beem & Associates, P.C., Clifford L. Beem, Stuart D. Mann, Denver, for plaintiff-appellant Kelley Winston.

Weller, Friedrich, Ward & Andrew, Stephen J. Baity, Denver, for defendant-appellee.

Opinion by Judge VAN CISE.*

Plaintiffs, Nancy Jones and Kelley Winston, appeal from the summary judgment in favor of defendant, the City and County of Denver. We affirm.

Separate complaints were filed by Nancy Jones and Kelley Winston who each slipped and fell in unrelated incidents in employee parking lot number 4 at Stapleton Airport on January 9, 1988. The complaints alleged that their injuries resulted from a dangerous condition, namely ice and snow, which arose from Denver's negligence in failing properly to maintain, operate, and control the parking lot.

Denver filed an answer to Winston's complaint, raising sovereign immunity as an affirmative defense. Subsequently, the trial court granted plaintiffs' combined motion to consolidate the two actions. Denver then filed a motion for summary judgment, asserting that plaintiffs' claims were barred by the doctrine of sovereign immunity.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

The allegations of the complaints, plaintiffs' notices of claim, and the excerpts from plaintiffs' depositions all established that the incidents occurred in an employee parking lot. In support of its motion for summary judgment, Denver presented photographs demonstrating that the employee parking lot in question was enclosed by a chain link and barbed wire fence, that posted signs prohibited parking without a permit, and that a guard was stationed at the entrance gate. Denver also presented the uncontroverted affidavit of the city surveyor, with attached exhibits, stating that the parking lot in question was neither a dedicated city street nor a public road.

After considering the responses, reply, and supporting documents, the trial court concluded that Denver's sovereign immunity had not been waived and granted Denver's motion. The order became a final, appealable judgment when pending claims against a separate defendant, not a party to this appeal, were also resolved by summary judgment.

I.

■ Plaintiffs contend that the trial court erred as a matter of law in granting summary judgment because the 1986 amendments to § 24–10–106(1)(e), C.R.S. (1988 Repl.Vol. 10A) evidenced the General Assembly's intent to waive sovereign immunity for dangerous conditions in public parking facilities. We disagree. We conclude that, even if the employee parking lot in question were properly characterized as a public parking facility, sovereign immunity has not been waived.

Prior to 1986, the statute in question provided that:

A public entity shall be immune from liability in all claims for injury which are actionable in tort except as provided otherwise in this section. Sovereign immunity whether previously available as a defense or not, shall not be asserted by a public entity as a defense in an action for damages for injuries resulting from:

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

. . . .

(e) A dangerous condition of any public facility, except roads and highways located in parks or recreation areas, public parking facilities, and public transportation facilities maintained by such public entity. . . .

In 1986, § 24–10–106(1) was amended to provide that:

Sovereign immunity is waived by a public entity in an action for injuries resulting from:

. . . .

(e) A dangerous condition of any public hospital, jail, public facility located in any park or recreation area maintained by a public entity, or public water, gas, sanitation, electrical, power, or swimming facility.

Colo.Sess.Laws 1986, ch. 166, § 5.

Thus, "Public parking facilities," which were included prior to the 1986 amendment, were deleted in the amended section.

We must presume that in 1986 the General Assembly considered whether immunity should be waived for public parking lots since the previous version of the statute specifically addressed those facilities. Accordingly, in the absence of clear language in § 24–10–106(1)(e) waiving immunity for dangerous conditions in public parking facilities, we must construe that section as expressing the General Assembly's intent to retain a public entity's sovereign immunity from liability for such claims. *See Bloomer v. Board of County Commissioners*, 799 P.2d 942 (Colo.1990).

### II.

■ Relying on *City of Aspen v. Meserole*, 803 P.2d 950 (Colo.1990), plaintiffs also contend that the trial court erred, as a matter of law, in granting summary judgment because sovereign immunity is waived for dangerous conditions on public highways, roads, and streets within municipalities under § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A). Plaintiffs argue that this waiver extends to a dangerous condition on the paved surface of a fenced,

street-level, employee parking lot. We reject this contention.

■ Contrary to plaintiffs' argument, we find no language in the *Meserole* opinion to support their contention that § 24–10–106(1)(d) was intended to apply to the paved surfaces of fenced, street-level parking lots with restricted access. In *Meserole*, our supreme court merely held that the 1986 amendment of § 24–10–106(1)(d) did not change the pre-existing governmental liability for dangerous conditions on municipal sidewalks. Here, neither plaintiff contends that her fall occurred on a sidewalk. In construing a statute, words should be given their ordinary meaning, and a word's commonly accepted meaning should be preferred over a strained or forced interpretation. *State v. Hartsough*, 790 P.2d 836 (Colo.1990).

We conclude that the ordinary meaning of the term "public highway, road, [or] street" in § 24–10–106(1)(d), does not include the paved surface of a fenced, street-level parking lot with restricted access. As previously noted, in the absence of clear language in this section waiving sovereign immunity for dangerous conditions existing on such surfaces, we must construe that omission as expressing the General Assembly's intention to retain sovereign immunity for such claims. *See Bloomer v. Board of County Commissioners, supra.*

### III.

We also reject Jones' contention that the trial court's entry of summary judgment was in error because Denver failed to demonstrate the absence of any genuine issue of material fact.

Once a movant for summary judgment has met the initial burden of production, the burden shifts to the opposing party to establish by specific facts, and not simply through argument of counsel, that there is a triable issue of fact. C.R.C.P. 56(e); *People in Interest of J.M.A.*, 803 P.2d 187 (Colo.1990).

Here, although Jones' counsel argued in response to Denver's motion that his client fell on a public road, Jones presented no

evidence which would support the theory that the parking lot was a public road or that she fell on a public road. Accordingly, summary judgment was properly entered in Denver's favor. *See* C.R.C.P. 56(c); *People in Interest of J.M.A., supra.*

Judgment affirmed.

STERNBERG, C.J., and NEY, J., concur.