**Michael Charles CLICK, Plaintiff–Appellant,**

v.

**The BOARD OF COUNTY COMMIS-SIONERS OF the COUNTY OF AL-AMOSA, Defendant–Appellee.**

**No. 95CA0730.**

Colorado Court of Appeals, Div. II.

Feb. 22, 1996.

Rehearing Denied March 21, 1996.

Certiorari Denied Sept. 16, 1996.

Gordon H. Rowe, III, Albuquerque, New Mexico; Gordon H. Rowe, Jr., Monte Vista, for Plaintiff–Appellant.

Crites and Farish, Robert S. Crites, Jr., Monte Vista, for Defendant–Appellee.

Opinion by Judge HUME.

Plaintiff, Michael Charles Click, appeals the order of the trial court determining that defendant, the Board of County Commissioners of the County of Alamosa (Board), was immune from liability based on governmental immunity. We affirm.

The pertinent facts are not in dispute. On October 4, 1993, plaintiff was riding his motorcycle on an Alamosa County road. The road was undergoing construction and a section of the road surface had been excavated and filled with gravel in preparation for repaving. The oncoming traffic lane had been resurfaced and a two to three inch edge was present in the center of the road between the old and new road surfaces. Plaintiff, in an apparent attempt to avoid the gravel, struck the edge of the newly laid asphalt, lost control of his motorcycle, and sustained serious injuries.

Plaintiff filed suit against the Colorado Department of Transportation (DOT) and the Board. Both the DOT and the Board moved to dismiss the complaint pursuant to C.R.C.P. 12(b)(1) based on the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). There-after, for unspecified reasons, plaintiff dismissed the DOT as a defendant.

After limited discovery, the trial court held two evidentiary hearings on the issue of the Board's immunity under the GIA. The court ruled that a jury question existed regarding whether a dangerous condition existed; however, relying on *Bloomer v. Board of County Commissioners*, 799 P.2d 942 (Colo.1990), it concluded that the Board's immunity was not waived under § 24–10–106(1)(d)(I), C.R.S. (1995 Cum.Supp.) because the accident occurred on a county road.

Plaintiff contends that the trial court erred in concluding that *Bloomer v. Board of County Commissioners, supra*, was dispositive because he asserts that a 1992 amendment to § 24–10–106(1)(d)(I) waived immunity for certain kinds of dangerous conditions on all public roads, including county roads. We do not agree.

The GIA provides that a public entity and its employees are immune from liability for all claims that lie or could lie in tort. Section 24–10–105, C.R.S. (1988 Repl.Vol. 10A). Section 24–10–106(1)(d)(I) provides that immunity is waived in an action seeking compensation for injuries resulting from dangerous conditions which physically interfere with the movement of traffic on certain categories of public roads.

In *Bloomer v. Board of County Commissioners, supra*, 799 P.2d at 945, our supreme court held that § 24–10–106(1)(d)(I) waived immunity for only four categories of roads: "(1) 'any public highway, road, street, or sidewalk within the corporate limits of any municipality'; (2) 'any highway which is a part of the federal interstate highway system or the federal primary highway system'; (3) 'any highway which is a part of the federal secondary highway system'; or (4) 'any highway which is a part of the state highway system on that portion of such highway, road, street, or sidewalk which was designed and intended for public travel or parking thereon.'" The court further stated that the text of this subsection was "not 'reasonably susceptible to more than one interpretation'" and concluded that it made "no provision for waiving the sovereign immunity of counties

for dangerous conditions present on county roads."

The 1992 amendment added new language to the end of § 24–10–106(1)(d)(I) which provides:

Nothing in this subparagraph (I) shall preclude a particular dangerous accumulation of snow, ice, sand, or gravel from being found to constitute a dangerous condition in the surface of a public roadway when the entity fails to use existing means available to it for removal or mitigation of such accumulation and when the public entity had actual notice through the proper public official responsible for the roadway and had a reasonable time to act.

Plaintiff first argues that the phrase "[n]othing in this subparagraph (I)" means that the categories of roads set out in the previous part of the subparagraph should be disregarded. Plaintiff also argues that the 1992 amendment to § 24–10–106(1)(d)(I) waives immunity for a fifth category of roads, *i.e.*, any public roadway, including a county road, which has a dangerous accumulation of snow, ice, sand, or gravel if the public entity had notice and a reasonable opportunity to act. We disagree with plaintiff's construction of the amendment.

■ In construing a statutory term, our goal is to ascertain and give effect to the intent of the General Assembly. *See Stephen v. City and County of Denver*, 659 P.2d 666 (Colo.1983).

■ Legislative intent is first determined by looking to the statutory language itself. If the language of a statute is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. *Bloomer v. Board of County Commissioners, supra.* However, if the statutory language is unclear, then we may review pertinent legislative history to determine the objective sought by the General Assembly. *Board of County Commissioners v. IBM Credit Corp.*, 888 P.2d 250 (Colo.1995).

The plain language of the 1992 amendment to § 24–10–106(1)(d)(I) appears merely to clarify that certain types of road conditions may be found to be dangerous conditions with regard to the categories described in the previous part of the subsection. Thus, it would not, as argued by plaintiff, create a separate category of roads for which immunity is waived. However, use of the term "public roadway," which is not previously used in the subsection, creates an ambiguity that makes consideration of the pertinent legislative history appropriate.

Section 24–10–106(1)(d)(I) was amended at the same time and in the same bill that the definition of the term "dangerous condition," codified at § 24–10–103(1), C.R.S. (1995 Cum. Supp.), was modified by the deletion of the following language:

Nothing in this subsection (1) shall preclude a particular dangerous accumulation of water, snow, or ice from being found to constitute a dangerous condition when a public entity fails to use existing means available to it for the removal of such accumulation and when the public entity had notice of such accumulation and reasonable time to act.

*See* Colo.Sess.Laws 1992, ch. 172 at 1115–16.

A comparison of the two statutes before and after the enactment of the latter amendment reveals that the language added to § 24–10–106(1)(d)(I) parallels the language deleted from § 24–10–103(1). Accordingly, it would appear that the 1992 amendment to § 24–10–106(1)(d)(I) was intended to define the term "dangerous condition" as it pertained to the categories of roads described in the first part of the subsection rather than create a separate category of public roads, which would include county roads, for which immunity would be waived under certain kinds of road conditions.

■ Therefore, contrary to plaintiff's contentions, we conclude that the 1992 amendment to § 24–10–106(1)(d)(I) was not intended as a waiver of a county's immunity for dangerous conditions which are present on county roads.

We also reject plaintiff's contention that the holding in *Bloomer v. Board of County Commissioners, supra*, is no longer authoritative because of our supreme court's decision in *Bertrand v. Board of County Commissioners*, 872 P.2d 223 (Colo.1994).

In *Bertrand*, the court overruled *Bloomer* to the extent that it held that statutory waivers of immunity must be strictly construed. However, we find nothing in *Bertrand* indicating that the court disapproved of its holding in *Bloomer* that § 24–10–106(1)(d)(I) did not waive immunity for dangerous conditions present on county roads. *See DiPaolo v. Boulder Valley School District, RE–2*, 902 P.2d 439 (Colo.App.1995).

Therefore, in summary, we conclude that the trial court properly entered judgment dismissing plaintiff's complaint based on governmental immunity.

The judgment is affirmed.

CRISWELL and JONES, JJ., concur.