**Lori S. STANLEY, f/k/a Lori Sonder and American Manufacturers Mutual Insurance Company, Plaintiff–Appellees,**

v.

**ADAMS COUNTY SCHOOL DISTRICT 27J, Defendant–Appellant.**

**No. 95CA2130.**

Colorado Court of Appeals,
Div. III.

Jan. 23, 1997.

Rehearing Denied Jan. 23, 1997.

Certiorari Denied Aug. 25, 1997.

Moyer, Beal & Vranesic, John R. Vranesic, H. Earl Moyer, Lakewood, for Plaintiff–Appellee Lori S. Stanley.

Senter Goldfarb & Rice, L.L.C., Thomas S. Rice, Peter H. Doherty, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

In this negligence action, defendant, Adams County School District 27J (District), brings this interlocutory appeal, pursuant to § 24–10–108, C.R.S. (1996 Cum.Supp.), from the trial court's order denying its motion to dismiss the complaint of plaintiffs, Lori Sonder Stanley, f/k/a Lori Sonder, and American Manufacturers Mutual Insurance Company, on the basis that it was barred by governmental immunity. We reverse and remand with directions to dismiss plaintiffs' claims against the District.

On August 31, 1992, Stanley was injured when, after delivering pizzas to the cafeteria at Brighton High School, she slipped and fell on a driveway that serviced the school cafeteria and provided parking for service vehicles. Subsequently, she, together with her workers' compensation carrier, brought this action seeking damages against the District, alleging that it had been negligent in failing to remove gravel, water, and mud from the driveway.

The District filed a motion to dismiss asserting that the trial court lacked subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The District argued that plaintiffs' claims did not fall within any of the statutory exceptions for which immunity had been waived under the GIA.

Following an evidentiary hearing, the trial court issued oral findings from the bench. The court found that the combination of dirt, sand, and water on the driveway created a slippery and muddy surface resulting in an unreasonably dangerous condition. While the court concluded that this condition was not a dangerous condition of a public highway, road, or street under § 24–10–106(1)(d)(I), C.R.S. (1996 Cum. Supp), it determined that such was a dangerous condition of a public building for purposes of § 24–10–106(1)(c), C.R.S. (1988 Repl.Vol. 10A). Accordingly, it ruled that plaintiffs' action was not barred by the GIA and, subsequently, entered a written order incorporating its oral findings.

## I.

Defendant first contends that the trial court erred in determining that a dangerous condition on the driveway constituted a dangerous condition of a public building for purposes of § 24–10–106(1)(c). We agree.

The GIA provides that a public entity is immune from liability for all claims that lie or could lie in tort except as expressly provided therein. See §§ 24–10–105 and 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). Under § 24–10–106(1)(c), a public entity's immunity is waived for injuries resulting from a dangerous condition of a public building.

In construing § 24–10–106(1)(c), the supreme court in *Jenks v. Sullivan,* 826 P.2d 825, 827 (Colo.1992), stated that the term "dangerous condition" refers to "the state of the building itself or the use of a state of the building...." The court went on to note that an "[i]njury stemming from the use of a dangerous or defective physical condition of the building itself might include injury resulting from, for example, using a faulty elevator or falling down defective stairs." *Jenks v. Sullivan, supra,* 826 P.2d at 827.

The driveway upon which Stanley fell was approximately 8 to 9 feet in width and extended from a loading area outside of the cafeteria down to a sidewalk that paralleled an adjoining road. Stanley fell at a point on the driveway just prior to the sidewalk.

As the trial court found, Stanley's injuries resulted from a dangerous condition that was present on the driveway. This condition arose from circumstances on the grounds surrounding the building rather

than from the building itself. To the extent the driveway was physically connected to the building, we conclude that this connection is insufficient to make the driveway part of a public building for purposes of § 24–10–106(1)(c).

Our conclusion is supported by the General Assembly's 1992 enactment of § 24–10–106(1)(d)(III), C.R.S. (1996 Cum.Supp.), which establishes a waiver of immunity for a dangerous condition caused by an accumulation of snow and ice on walks leading to a public building open for public business. Such an amendment would have been unnecessary if the General Assembly had intended for § 24–10–106(1)(c) to include dangerous conditions on public walkways. See Pack v. Arkansas Valley Correctional Facility, 894 P.2d 34 (Colo.App.1995)(sovereign immunity retained for claims respecting injuries resulting from dangerous conditions in public parking facilities).

We further conclude that immunity has not been waived here under § 24–10–106(1)(c) for a dangerous condition of a public building, because the sand, gravel, and water, while constituting a dangerous condition as determined by the trial court, was not a physical or structural defect of the building because it did not originate from the building itself. See Jenks v. Sullivan, supra, 826 P.2d at 830 ("[t]he dangerous condition must stem from a physical or structural defect in the building.").

Therefore, we conclude that the trial court erred in its conclusion that there was a waiver of immunity under § 24–10–106(1)(c) based on the presence of a dangerous condition on the driveway. In light of this determination, we need not address the District's other contentions of error.

## II.

Plaintiff argues in support of the judgment that the trial court erred in not finding that there was a waiver of immunity under § 24–10–106(1)(d)(I) for a dangerous condition of a public highway, road, or street. We disagree.

Section 24–10–106(1)(d)(I) waives immunity for:

A dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic on the paved portion, if paved, or on the portion customarily used for travel by motor vehicles, if unpaved, of any public highway, road, street, or sidewalk within the corporate limits of any municipality, or of any highway which is a part of the federal interstate highway system or the federal primary highway system, or of any highway which is a part of the federal secondary highway system, or of any highway which is a part of the state highway system on that portion of such highway, road, street, or sidewalk which was designed and intended for public travel or parking thereon.

In construing this language, the supreme court has found that it waives immunity for only four categories of public roads. See Bloomer v. Board of County Commissioners, 799 P.2d 942 (Colo.1990); Click v. Board of County Commissioners, 923 P.2d 347 (Colo. App.1996). These categories are not further defined in the GIA and, because of their technical nature, no "ordinary meaning" may be ascribed to them.

The General Assembly, however, has enacted various statutory provisions with regard to public highways, roads, and streets. See §§ 42–1–102(3)(defining "alley"), 42–1–102(43)(defining "highway"), 42–1–102(73)(defining "private road" and "driveway"), 42–1–102(83) (defining "road"), 42–1–102(85)(defining "roadway") 42–1–102(90)(defining "sidewalk"), 42–1–102(104)(defining "traffic" as including pedestrians and vehicles), C.R.S (1996 Cum.Supp.); and §§ 43–2–101 (describing state highway system), 43–2–108 and 109 (providing for designation of county roads), 43–2–123 and 124 (defining city streets), 43–2–147 (controlling access to public highways), and 43–2–201, C.R.S. (1993 Repl.Vol. 17)(describing public highways).

These statutes, while not expressly defining the four categories described in Bloomer v. Board of County Commissioners, supra, provide a framework for interpreting the General Assembly's use of such categories in the GIA. See City & County of Denver v. Gallegos, 916 P.2d 509 (Colo.1996).

Plaintiffs, citing a dictionary definition, assert that the plain and ordinary meaning of the term "driveway" is "a private road granting access from a public way to a building and abutting grounds." Plaintiffs then argue that, because the service driveway is intended for public use and is owned by a public entity, it is public driveway. Based on this reasoning, plaintiffs contend that the driveway constitutes a public road. We are not persuaded.

■ The statutory scheme applicable to public roads in this state indicates that the General Assembly did not intend for the type of driveway present here to constitute a public highway, road, or street. These statutes, as set forth previously, describe a system of public roads that interconnect and are open to public travel.

As is apparent from the record, the driveway only provides access to the school cafeteria. As such, it solely benefits the property on which it is located and does not provide a means by which a person may access another property or road as might be the case with a typical public highway, road, or street. *See City & County of Denver v. Gallegos, supra,* 916 P.2d at 511 (in interpreting § 24–10–106(1)(f), C.R.S. (1988 Repl.Vol. 10A), the supreme court stated that "the determinative factor in defining a public facility is whether the facility is *operated 'for the benefit of the public'*" (citation omitted)(emphasis added)); *see also* § 42–1–102(73), C.R.S. (1993 Repl. Vol. 17)(in the Uniform Motor Vehicle Law, the General Assembly defined driveway as "every ... driveway not open to the use of the public for purposes of vehicular travel.").

Section 24–10–106(1)(d)(I) also includes within its scope certain types of public sidewalks. The supreme court has interpreted this section to provide that "public entities are liable for dangerous conditions on sidewalks, whether it is people or vehicles that are traveling upon them." *City of Aspen v. Meserole,* 803 P.2d 950, 955 (Colo.1990) (addressing the applicability of the GIA to municipal sidewalks).

The General Assembly, in the 1992 amendments to the GIA, added a definition for the term "sidewalk." This definition limits a "sidewalk" to: "that portion of a public roadway between the curb lines or the lateral lines of the traveled portion and the adjacent property lines which is constructed, designed, maintained, and intended for the use of pedestrians." Section 24–10–103(6), C.R.S. (1996 Cum.Supp.); *see also* § 42–1–102(90), C.R.S. (1993 Repl.Vol. 17)(similarly defining "sidewalk" in the Uniform Motor Vehicle Law).

■ Plaintiffs do not expressly argue that the service driveway is a "sidewalk" or that it is within the lateral lines of the right-of-way for the adjacent roadway. In addition, it is evident from the record that the service driveway is perpendicular to the adjoining roadway and sidewalk (which parallels the roadway) and extends onto the District's property. Under such circumstances, we conclude that plaintiffs have not demonstrated that the driveway is a "sidewalk" for purposes of § 24–10–106(1)(d)(I).

Moreover, we note that the driveway is similar to a public walkway for which the General Assembly has waived immunity *only* for a dangerous condition caused by an accumulation of snow and ice. In addition, because the driveway was used for service deliveries at the school, which necessitated that the vehicles be parked, it is analogous to a parking lot for which there is no waiver of immunity under the GIA. *See Jones v. City & County of Denver,* 833 P.2d 870 (Colo.App. 1992) (no waiver of immunity for a municipal employee parking lot). *See also Farina v. City & County of Denver,* 940 P.2d 1004 (Colo.App. 1996)(courts should not adopt strained construction of words in interpreting waiver provisions of statute).

Therefore, we conclude that plaintiff failed to prove that there was a waiver of sovereign immunity under § 24–10–106(1)(d)(I), and that the trial court did not err in determining that this section was inapplicable.

The trial court's order is reversed and the cause is remanded to the trial court with directions to dismiss plaintiffs' claims against the District.

ROTHENBERG and BRIGGS, JJ., concur.