2012 COA 1772

**Marilyn DANIEL, Plaintiff–Appellee,**

**v.**

**CITY OF COLORADO SPRINGS, a Colorado municipal corporation and home rule city, Defendant–Appellant.**

**No. 11CA1772.**

Colorado Court of Appeals, Div. IV.

Oct. 11, 2012.

Carter Boyle LLC, Nelson Boyle, Denver, Colorado; Lee Rosenbaum and Associates, Lee Rosenbaum, Colorado Springs, Colorado, for Plaintiff–Appellee.

Christopher J. Melcher, City Attorney, W. Erik Lamphere, Assistant City Attorney, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

¶ 1 Defendant, the City of Colorado Springs, brings this interlocutory appeal of the district court's order denying its motion to dismiss, on governmental immunity grounds, the complaint filed by plaintiff, Marilyn Daniel. We reverse and remand with directions to dismiss plaintiff's complaint.

## I.  Factual and Procedural Background

¶ 2 In her complaint, plaintiff alleged that she was injured when she fell after stepping into a hole in a parking lot for the public Valley Hi Golf Course, which was owned and maintained by the city.  Plaintiff alleged that she was crossing the parking lot after parking on a nearby street to attend a public event at the golf course clubhouse.  Plaintiff asserted that the city knew or should have known about the dangerous condition of the parking lot.

¶ 3 The city moved to dismiss plaintiff's complaint pursuant to C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the

Colorado Governmental Immunity Act (CGIA), §§ 24–10–101 to –120, C.R.S.2012. The city argued that its immunity had not been waived under any of the provisions of the CGIA.

¶ 4 In response, plaintiff argued that the city's immunity had been waived under section 24–10–106(1)(e), C.R.S.2012, for a dangerous condition of any public facility located in any park or recreation area maintained by a public entity. Plaintiff also asserted that, if the trial court did not find a waiver of immunity under that section, then the court should conduct an evidentiary hearing to determine if the city's immunity was waived under section 24–10–106(1)(c) or (d), C.R.S. 2012.

¶ 5 Attached to plaintiff's response was a pleading and an order in a factually similar case involving an injury that occurred in a parking lot at a different city-owned golf course. In that case, the trial court ruled that the parking lot was a public facility located in a recreation area, and that the city's immunity had been waived under section 24–10–106(1)(e).

¶ 6 In reply, the city argued, among other things, that the phrase "in any recreation area" includes only places and areas within a golf course and does not include the parking lot for a golf course. The city further argued that parking lots do not constitute a recreational use of the land, and that "[t]he recreational activity associated with the course— golf—does not occur in the parking lot."

¶ 7 The trial court denied the city's motion to dismiss "for the reasons and analysis (and the legal authorities) contained in [plaintiff's] [r]esponse." The city then brought this interlocutory appeal pursuant to section 24–10–108, C.R.S.2012.

## II. Standard of Review

¶ 8 The determination of immunity under the CGIA presents an issue of subject matter jurisdiction, which is properly addressed pursuant to a C.R.C.P. 12(b)(1) motion to dismiss. *Fogg v. Macaluso*, 892 P.2d 271, 276 (Colo.1995); *Colucci v. Town of Vail*, 232 P.3d 218, 219 (Colo.App.2009).

¶ 9 When the alleged jurisdictional facts are in dispute, the trial court should conduct an evidentiary hearing and enter factual findings. *Padilla v. Sch. Dist. No. 1*, 25 P.3d 1176, 1180 (Colo.2001). An appellate court will not disturb the trial court's jurisdictional factual findings unless they are clearly erroneous. *Springer v. City & Cnty. of Denver*, 13 P.3d 794, 799 (Colo.2000). However, if all relevant evidence has been presented to the trial court, and the trial court need not resolve any disputed factual issues, waiver under the CGIA is a legal question, the determination of which we review de novo. *Medina v. State*, 35 P.3d 443, 452 (Colo.2001).

¶ 10 The plaintiff bears the burden of proving that immunity has been waived. *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 925 (Colo.1993). However, the plaintiff should be afforded the benefit of reasonable inferences raised by the evidence. *See Tidwell v. City & Cnty. of Denver*, 83 P.3d 75, 85 (Colo.2003).

## III. Analysis

¶ 11 The city contends that immunity is not waived for injuries occurring in a public parking lot that services a public golf course. We agree.

¶ 12 According to *Jones v. City & County of Denver*, 833 P.2d 870, 872 (Colo.App.1992), prior to the amendment of the CGIA in 1986, governmental immunity was retained for injuries resulting from a dangerous condition in "public parking facilities." At that time, the CGIA waived immunity for "[a] dangerous condition of *any public facility, except roads and highways located in parks or recreation areas, public parking facilities*, and public transportation facilities maintained by such public entity." Ch. 323, sec. 1, § 130–11–6(1)(f), 1971 Colo. Sess. Laws 1206 (emphasis added) (later codified at § 24–10–106(1)(e)). In 1986, the General Assembly amended section 24–10–106(1)(e) to eliminate any reference to dangerous conditions in public parking facilities. Ch. 166, sec. 5, 1986 Colo. Sess. Laws 876. At the same time, the General Assembly amended the subsection concerning "public facility" to provide, as currently in effect, that immunity is

waived by a public entity in an action for injuries resulting from "[a] dangerous condition of any ... public facility located *in* any park or recreation area maintained by a public entity." § 24–10–106(1)(e) (emphasis added).

¶ 13 Subsequent to this amendment, a division of this court held that, based upon the post–1986 version of section 24–10–106(1)(e), the trial court correctly entered summary judgment against two employees who had been injured in municipal employee parking lots. *Jones*, 833 P.2d at 872. The division noted that the phrase "public parking facility," which had been specified as an exception to the waiver of immunity under the former section 24–10–106(1)(e), had been deleted when the section was amended in 1986. *Id.* The division then concluded:

> We must presume that in 1986 the General Assembly considered whether immunity should be waived for public parking lots since the previous version of the statute specifically addressed those facilities. Accordingly, in the absence of clear language in § 24–10–106(1)(e) waiving immunity for dangerous conditions in public parking facilities, we must construe that section as expressing the General Assembly's intent to retain a public entity's sovereign immunity from liability for such claims.

*Id.*

¶ 14 We are persuaded by the reasoning of *Jones* and choose to follow it here.

¶ 15 We reject plaintiff's suggestion that we should consider the nature of a parking facility based upon its location. Were we to follow plaintiff's analysis, a governmental entity would be immune for liability with respect to certain parking lots, but not others. We discern no basis in the CGIA to decide immunity on a parking lot-by-parking lot examination. *Cf. Pack v. Arkansas Valley Corr. Facility*, 894 P.2d 34, 37 (Colo.App. 1995) (governmental immunity not waived for injury occurring in correctional facility's parking lot).

¶ 16 We conclude that the trial court erred in finding that the city's immunity was waived under section 24–10–106(1)(e).

## IV. Other Immunity Provisions

¶ 17 Plaintiff alternatively argues that the case should be remanded for an evidentiary hearing to determine whether the city's immunity was waived under section 24–10–106(1)(c) for a dangerous condition of a public building, or under section 24–10–106(1)(d) for a dangerous condition of a public road, street, or sidewalk. We disagree.

¶ 18 In her response to the city's motion to dismiss, plaintiff's primary argument was that the trial court should deny the city's motion to dismiss because its immunity had been waived under section 24–10–106(1)(e). However, plaintiff alternatively argued, as follows: "In addition, as Plaintiff was walking along the entrance roadway it is arguable that Plaintiff fell within a roadway as contemplated by C.R.S. § 24–10–106(1)(c) and (d)." Plaintiff then stated that if the court did not accept her argument regarding section 24–10–106(1)(e), she "requests the Court set a factual hearing to determine if additional subsections of C.R.S. 24–10–106 apply."

¶ 19 We conclude that plaintiff failed to meet her burden to establish that a factual dispute exists to warrant remand for an evidentiary hearing regarding whether section 24–10–106(1)(c) or (1)(d) might apply. Her complaint alleged: "[Plaintiff] and her friend parked their vehicle approximately a block away and began to walk to the clubhouse through the parking lot. Plaintiff's foot was caught in a significant hole in the parking lot, forcing her to the ground breaking her left hip/femur." Nothing in the complaint suggests that plaintiff's injuries were caused by a dangerous condition of a public road or a dangerous condition of a public building. *See Jones*, 833 P.2d at 872 (concluding "that the ordinary meaning of the term 'public highway, road, [or] street' in § 24–10–106(1)(d), does not include the paved surface of a fenced, street-level parking lot with restricted access"); *Stanley v. Adams County Sch. Dist. 27J*, 942 P.2d 1322, 1323–24 (Colo.App. 1997) (dangerous condition on school's driveway did not constitute "dangerous condition of public building" for purposes of CGIA).

¶ 20 Therefore, we conclude that the case need not be remanded to the trial court for an evidentiary hearing.

¶ 21 The order is reversed and the case is remanded to the trial court with directions to dismiss plaintiff's complaint against the city.

Judge TERRY and Judge J. JONES concur.